Mr. Justice Humphreys
delivered the opinion of the court
The brief record we have in this case discloses that, in 1870, Charles H. Holden had and possessed certain lots of ground in Washington City; that, in September, 1870, said Holden made and executed two notes amounting to $3,500, ta secure the payment of which he executed a deed of trust upon said lots of ground.
It appears after that that Frank Bell bought the property, and said Bell, on the 9th of September, 1873, conveyed the same to Dodge, the complainant.
Complainant alleges that Bell represented he had a good title, and that he never discovered, till October, 1872, that the Freedman’s Trust Company held a deed of trust upon said property. Said notes were payable to Ladow & Co., transferred by them to the Freedman’s Trust Company, which carried the security of the mortgage.
Complainant alleges that Ladow & Co. directed a release to-be made of lot 5, in square 763, and that Jones, trustee, told complainant he had released it.
The bill seeks to have lot 5 released.
Every material allegation in the bill is denied by all defendants, but especially is it not set up that the Freedman’s. Company participated in anything except the lending its money upon the faith of the deeds.
It is pretended by the bill that the bank took the deeds as collateral only; but this .would make no difference, for all deeds of trust are mere collaterals. The bank has a right to the collaterals. Even if the bank had put the collateral into the hands of Holden for collection, it would not have lost its lien. See Clark vs. Islin, 21 Wall., 369.
We can see no ground for taking from the bank the security for the payment of the moneys loaned on the faith of the lots. There is nothing to show that it has relinquished its hold, and whatever may have been the conduct of other parties, that cannot affect its rights.
The deeds were regularly executed and recorded, and constitute a lien till the debt is satisfied.
Decree reversed.
Mr. Justice Wylie dissenting.